**Sami Muhsin ABDULLAH, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

**No. 03–74759.**
**Agency No. A75–664–771.**

United States Court of Appeals, Ninth Circuit.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted May 9, 2005.**

Decided May 16, 2005.

Guy G. Grande, Teodora D. Harizanova, San Diego, CA, for Petitioner.

CAC–District Counsel, Office of The District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, San Francisco, CA, Terri J. Scadron, Greg D. Mack, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM***

Sami Muhsin Abdullah, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judges's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 688 (9th Cir.2003). We grant the petition for review and remand for further proceedings.

Because the BIA reviewed the IJ's decision de novo, our scope of review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted. *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). Substantial evidence does not support the BIA's adverse credibility determination, based on Abdullah's lack of fluency in the Somali language, because the BIA did not address Abdullah's reasonable explanation for speaking and understanding Arabic better than Somali. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) (concluding that the IJ's adverse credibility reason was not cogent where it failed to address the petitioner's explanation of an inconsistency). No further corroborating evidence is required where the petitioner's testimony is considered credible. *See id.* at 889–90.

Because the BIA based its denial on Abdullah's credibility and did not address the merits of his asylum, withholding of removal and CAT claims, we remand to

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the BIA for further proceedings on the merits. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.